CRESTWOOD PARK, INC.,
Defendant-Appellant,

v.

Joseph APOSTAL, Plaintiff-Appellee.

No. 3-178A22.

Court of Appeals of Indiana,
Fourth District.

Jan. 29, 1981.

---

Duane W. Hartman, Valparaiso, for defendant-appellant.

Lowell E. Enslen, Valparaiso, for plaintiff-appellee.

YOUNG, Presiding Judge.

## ON PETITION FOR REHEARING

Plaintiff-appellee Joseph Apostal petitions this court for rehearing asserting our opinion, Ind.App., 413 N.E.2d 654, was erroneous in reversing a portion of the damage award. We deny Apostal's petition.

Apostal construes our opinion to require an actual sale of the property before lost profits could be determined and characterizes such construction as unconscionable and unreasonable. If Apostal's construction of our opinion were correct, we might agree. However, we *did not* require the actual sale before damages may be recovered. Damages may be recovered upon the proof of a loss resulting from the breach.

Apostal correctly states the proper measure of damages for Crestwood's breach was to award the sum of money to him which would place him in the position he would have been had the contract not been breached. However there is not sufficient evidence in the record to determine this amount. The dissent sets out the unimproved value of each lot at the time of the breach as $1000, the opined improved sale

value as $3600 and the improvement expenses at $800. Had the contract agreement with Crestwood been completed without interference in the development it would cost $800 per lot to develop. However, they did breach the agreement to develop. Assuming a constant improved sale value of $3600 per lot, Apostal was entitled to any potential reduction of net profit caused by the increased cost of improving the lot. This does not require an actual sale. Evidence presented by Apostal, "an experienced residential subdivision developer" could have shown this increased cost/reduction or loss of net profit. There is no such evidence presented by anyone in the record.

To allow Apostal the recovery granted by the trial court places him in a better position than if the contract had not been broken, potentially recovering more than his actual loss. His actual loss is any increase in development costs caused by Crestwood's failure to cooperate under the agreement. Apostal seeks to recover his profits now based upon what he would have received for developed lots.[1] He bargained for cooperation in developing the lots. Apostal did not receive this bargained for cooperation. This lack of cooperation and resulting delay may cause the costs of development to be different than what was agreed upon under the separate bidding process. Assuming a constant sale price at the time of the breach, the difference in cost of development will be reflected in Apostal's net profit. If Apostal had demonstrated by the evidence that his costs would have increased and by how much, due to the delay caused by Crestwood's lack of cooperation, this would have reduced his profits (again, market value remaining constant).

We did not hold that because there had not been a sale in which to lose profits Apostal could not recover lost profits. We did hold that Apostal did not show any lost profits based upon the proper measure discussed above.

Petition denied.

---

1. If Apostal was forever foreclosed from developing these lots, then this measure would have been appropriate. However, this was not shown at trial as discussed in our original opinion.

CHIPMAN, J., concurs.

MILLER, J., dissents without opinion.